**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **JUANITA JOHNSON,** | ) | Civil Action No.: |
| | ) | |
| Plaintiff, | ) | **1:17-cv-** |
| | ) | |
| v. | ) | |
| | ) | |
| **ACCOUNT MANAGEMENT RESOURCES,** | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JUANITA JOHNSON ("Plaintiff"), by and through her attorneys, Kimmel & Silverman, P.C., alleges the following against ACCOUNT MANAGEMENT RESOURCES ("Defendant"):

### INTRODUCTION

1.  Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. This Court's jurisdiction arises under 28 U.S.C. § 1331, which grants this Court original jurisdiction of all civil actions arising under the laws of the United States. See <u>Mims v. Arrow Fin. Services, LLC</u>, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the State of Georgia therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Atlanta, Fulton County, Georgia.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a company with its principal place of business located at 726 W. Sheridan Avenue, Oklahoma City, Oklahoma 73102.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number.

11. Plaintiff has only used this number as a cellular telephone number.

12. Beginning in or around March 2015 and continuing through at least December 2017, Defendant called Plaintiff's cellular telephone number repeatedly.

13. Defendant called Plaintiff from telephone numbers including, but not limited to, 405-290-2032. The undersigned has confirmed that this number belongs to Defendant.

14. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and/or pre-recorded or artificial voice.

15. Plaintiff knew Defendant was using an automatic telephone dialing system and/or pre-recorded or artificial voice as calls would begin with either a recorded voice or a noticeable delay or silence with no caller on the line before a live representative would come on the phone or the call would terminate.

16. Defendant's calls were not for emergency purposes.

17. Shortly after calls started, within the first few conversations with Defendant, Plaintiff first told the Defendant to stop calling her.

18. Defendant ignored her request and continued to call.

19. Plaintiff found Defendant's repeated calls to be frustrating, annoying, harassing, invasive, and upsetting.

20. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED THE TCPA

21. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

22. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system and/or artificial or pre-recorded voice.

23. Defendant's calls to Plaintiff were not made for "emergency purposes."

24. After Defendant was told to stop calling, Defendant knew or should have known it did not have consent to call and/or that any consent it thought it had was revoked.

25. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively, fraudulently, and absent bona fide error, lawful right, legal defense, legal justification, or legal excuse.

26. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual, and treble damages.

WHEREFORE, Plaintiff, JUANITA JOHNSON respectfully prays for judgment as follows:

   a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

   b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

   c. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3);

   d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

   e. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff JUANITA JOHNSON, demands a jury trial in this case.

Respectfully submitted,

Dated:  12/03/18

By:  /s/ Dennis R. Kurz
Dennis R. Kurz, Esq.
Georgia Bar No.: 430489
Kurz Law Group, LLC
1640 Power Fry Road
Building 17, Ste 200
Marietta GA 30067
(678) 264-8003 Phone
(678) 245-6805 Facsimile
dennis@kurzlawgroup.com
**Attorney for Plaintiff**

PLAINTIFF'S COMPLAINT

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1**

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Time New Roman and a point size of 14.

Respectfully submitted,

Dated: 12/03/18

By:  /s/ Dennis R. Kurz
Dennis R. Kurz, Esq.
Georgia Bar No.: 430489
Kurz Law Group, LLC
1640 Powers Ferry Road, SE
Building 17, Suite 200
Marietta, GA 30067
(678) 264-8003 Phone
(678) 245-6805 Facsimile
dennis@kurzlawgroup.com
**Attorney for Plaintiff**